**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF MICHIGAN REGIONAL
COUNCIL OF CARPENTERS' EMPLOYEE
BENEFITS FUND, et al.,

      Plaintiffs,

v.                                             Case No. 07-12555

MODERN FLOORING SERVICES, et al.,

      Defendants.
                                        /

**ORDER DENYING PLAINTIFFS'** *EX PARTE* **"MOTION FOR ALTERNATE SERVICE"**

      Plaintiffs filed an *ex parte* motion for alternative service on July 23, 2007, asking the court to permit service of the summons and complaint upon Defendants by first class mail to the address that is "correct and proper," or by affixing a copy of the aforementioned documents to the front door of the same address. (Pls.' Mot. at 3.) There is no statement concerning whether this is a business place or a residence. The court has reviewed the affidavit of the process server and finds that Plaintiffs have not sufficiently shown that service of process cannot reasonably be made as provided by Federal Rule of Civil Procedure 4.

      The affidavit avers that Defendant Cooke was not present at the stated address when service was attempted. (Pls.' Mot. at Ex. 1.) The affidavit further provides that, to date, service has been attempted on four occasions, (*id.*) which does not display an exhaustive effort. Only one of these attempts was made during regular business hours. The first attempt was made at 5:19 p.m. on Monday, June 25, 2007, the second the

next day, at 3:53 p.m. (*Id.*)  The third attempt was on a Saturday, July 7, 2007, at 8:42 a.m., and the final attempt on a Tuesday night, July 10, 2007, at 9:04 p.m.  On that last occasion, the affidavit avers facts indicating that the address is likely a residence, as it states that "Kathleen stated she has nothing to do w/ business, husband Michael not home."  Plaintiffs, in their three-sentence brief in support of this motion, state that the mailing address is correct, that they "rely on MCR 2.106(I)(1) and MCR 2.106" and that service "cannot be reasonably made."  (*Id.* at 3.)  They do not, however, explain how these facts in combination with the Michigan rules of court assist their argument that service cannot be effectuated.  For example, there is no indication that the process server attempted to arrange with "Kathleen" to meet "Michael," or even whether this "Michael" is the same "Michael" named as a Defendant in this case.  Failing to find Defendant Michael Cooke at the listed address on four occasions, by itself, raises no suspicion of evasive behavior on his part.  There is no suggestion, for example, that multiple vehicles were associated with the address that night, or that the process server observed or heard other people in the building.  The simplest explanation, and the most likely given the facts thus far, is that he was somewhere else, such as at work.

The court is not persuaded that service upon Defendants cannot reasonably be completed in the normal manner.  Accordingly,

IT IS ORDERED that Plaintiffs' "Exparte [sic] Motion for Alternate Service" [Dkt. #3] is DENIED WITHOUT PREJUDICE. If, after more diligent efforts, Plaintiffs are still unable to serve Defendants, or Plaintiffs gather information indicating evasion, then Plaintiffs may file another motion detailing their efforts and requesting alternate service.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 25, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522